IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00329-PAB-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

JANET NAPOLITANO,
in her official capacity as Secretary of the Department of Homeland Security, and
ERIC HOLDER, JR.,
in his official capacity as Attorney General of the United States,

    Defendants.

---

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

---

This matter comes before the Court on the Affidavit and Motion for Default Judgment filed by plaintiff Ronald J. Nagim [Docket No 12]. Interpreting this document liberally, as I am required to do because of plaintiff's *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), I construe it as a motion for entry of default and default judgment.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL

659667, at *1 (D. Colo. Mar. 6, 2008). Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment at step two. *See Williams*, 1995 WL 365988 at *1; *Nasious*, 2008 WL 659667, at *1.

In the present case, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court declined to enter default against defendants Napolitano and Holder [Docket No. 13]. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

The Clerk explained that the entry of default was denied for two reasons. First, neither defendant's answer was due at the time of the request for entry of default. Second, the Clerk noted that proper service on the defendants pursuant to Fed. R. Civ. P. 4(i) could not be ascertained.

Because the plaintiff failed to obtain an entry of default under Rule 55(a) at step one, he may not obtain a default judgment at step two. Therefore, it is

**ORDERED** that plaintiff's motion for default judgment [Docket No. 12] is DENIED.

DATED May 27, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

2