IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00329-PAB-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

JANET NAPOLITANO, in her official capacity as Secretary of the Department of Homeland Security, and
ERIC HOLDER, JR., in his official capacity as Attorney General of the United States,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Enjoin Party into Civil Action** [Docket No. 21; Filed June 28, 2010] (the "Motion"). Although not entirely clear from the title of the Motion, it appears that Plaintiff seeks permission to amend his complaint to add an additional defendant. Although Plaintiff may amend his complaint once as a matter or course pursuant to Fed. R. Civ. P. 15(a), because he has sought the Court's permission, I exercise my inherent discretion to control my docket and determine whether justice would be served by Plaintiff's proposed amendment. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. While leave to amend should be freely given, the Court retains discretion to reject amendment "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S.*

*West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). For example, an amendment which could not survive a motion to dismiss should not be permitted. Here, despite Plaintiff's conclusory statement that "[t]his Court does have Jurisdiction over the Enjoined Party because of the Lack of Due Process of the law," he has failed to provide sufficient factual support to show that the proposed defendant, Louisiana State University, has sufficient minimum contacts with Colorado so as not to "offend traditional notions of fair play and substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008); *see also Melea Ltd. v. Jawer SA*, 511 F.3d 1060 (10th Cir. 2007); *Arocho v. Nafziger*, 367 Fed. Appx. 942 (10th Cir. Mar. 1, 2010) (unpublished decision). In addition, I note that Plaintiff failed to attach a proposed amended pleading which sets forth the allegations against Louisiana State University with clarity and in compliance with Fed. R. Civ. P. 8. As such, on these pleadings, amendment would be futile.[1]

Dated: August 2, 2010

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge

---

[1] I note that a prior case brought by Plaintiff in this district against Louisiana State University was dismissed *sua sponte* for failure to comply with Fed. R. Civ. P. 8 and improper venue. *Case No.* 08-cv-01115-ZLW [Docket No. 2]. Arguably, given the similarity of the allegations between the two cases (indeed, language contained in the Motion is also contained in the complaint of the dismissed case), Plaintiff may be collaterally estopped from bringing a case in this district against Louisiana State University.

2