IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00329-PAB-KLM

RONALD J. NAGIM,

      Plaintiff,

v.

JANET NAPOLITANO,
in her official capacity as Secretary of the Department of Homeland Security, and
ERIC HOLDER, JR.,
in his official capacity as Attorney General of the United States,

      Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 31] filed on October 4, 2010.

Magistrate Judge Kristen L. Mix recommends that defendants' motion to dismiss

[Docket No. 24] be granted and that the case be dismissed with prejudice.  On October

12, 2010, plaintiff filed timely objections [Docket No. 32].  Therefore, the Court reviews

*de novo* those aspects of the Recommendation to which plaintiff has posed an

objection.  *See* Fed. R. Civ. P. 72(b)(3).

As best as the Court can determine,[1] plaintiff claims that defendants have

retaliated against him for his speech on topics of public interest in violation of the First

Amendment and the equal protection clause of the Fourteenth Amendment.  That

_____

[1]As the Recommendation puts it, plaintiff's complaint is "rambling" and
"frequently unintelligible." Docket No. 31 at 2.

retaliation, plaintiff alleges, consists of "illegal searches, detainment at airports, questioning on any and everything they can, government scrutiny, investigation, surveillance, intimidation, tyranny, violation of Civil Rights, and Constitutional Rights." Docket No. 1 at 13, ¶ 36.  Plaintiff contends that this retaliation is a result of a "Rightwing Extremist Policy" issued on April 7, 2009 by the Extremism and Radicalization Branch, Homeland Environment Threat Analysis Division of the Department of Homeland Security ("DHS"), which was conducted with the Federal Bureau of Investigation ("FBI").  *See* Docket No. 1 at 5.[2]  According to plaintiff, this policy is aimed at stifling political opposition.  *See* Docket No. 1 at 6, ¶ 15; Docket No. 1 at 6, ¶ 16 (alleging that the policy is aimed at "those groups and individuals that are mainly antigovernment, that reject federal authority in favor of state or local authority, or that reject government authority entirely").

In his filings, however, plaintiff consistently alleges that his treatment by defendants stems from various unspecified allegations made against him by the plaintiffs in a case filed in the State of Louisiana.  Plaintiff has not sued those private individuals in this case and asserts nothing other than conclusory allegations regarding the involvement of DHS and the FBI in his dispute with the private individuals in Louisiana.  For instance, plaintiff contends the FBI and DHS have an "affiliation with" one of those litigants, Docket No. 1 at 9, ¶ 27; *see* Docket No. 1 at 13, ¶ 35, but does not allege the nature of the affiliation.  Conclusory assertions such as these are insufficient to support a viable claim for relief.  *See Ashcroft v. Iqbal*, --- U.S. --- 129 S.

---

[2]Defendants have attached a copy of this document to their Motion to Dismiss as Exhibit A-1.

Ct. 1937, 1951 (2009).  The complaint lacks any facts that would support the inference that defendants violated any of plaintiff's constitutional rights.  Indeed, other than the complaint alleging greater scrutiny by the government, the Court cannot determine what plaintiff alleges defendants have done to him.

In his objections to the Recommendation, plaintiff includes more details regarding searches and detainments he has experienced at airports.  His objections reveal that the reason for such searches is that his name appears on a "watch list." Even if the Court allowed plaintiff to amend his complaint to include these allegations, which plaintiff has not asked the Court to do, plaintiff identifies no facts that would permit the Court to infer that his inclusion on that list supports his constitutional claims. Furthermore, he has not sought to have the Court review the process by which his name came to appear on the list.  In any event, the Court likely would not have subject matter jurisdiction to do so.  *See* 49 U.S.C. § 46110(c) (vesting jurisdiction to "amend, modify, or set aside" Security Directives issued by the Transportation Security Administration pursuant to 49 U.S.C. § 114(I)(2)(A) in the courts of appeals); *see also Green v. Transportation Security Admin.*, 351 F. Supp. 2d 1119, 1127 (W.D. Wash. 2005); *Thomson v. Stone*, 2006 WL 770449, at *14 (E.D. Mich. March 27, 2006). Consequently, plaintiff fails to state a claim against either defendant, and plaintiff's complaint will be dismissed.

Moreover, plaintiff has provided no reason to believe he will be able to state viable claims against defendants nor has he sought leave to amend his complaint. Therefore, dismissal with prejudice is appropriate in this case.

For the foregoing reasons, it is

3

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 31] is ACCEPTED.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 24] is GRANTED and the case is dismissed with prejudice.


DATED March 8, 2011.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge