IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00329-PAB-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

JANET NAPOLITANO,
in her official capacity as Secretary of the Department of Homeland Security, and
ERIC HOLDER, JR.,
in his official capacity as Attorney General of the United States,

    Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiff's motions for clarification and extensions of time [Docket Nos. 50, 51] and "Motion to Show Cause" [Docket No. 53], which the Court construes as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Because plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On March 8, 2011, the Court accepted the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 31] and granted defendants' motion to dismiss [Docket No. 24]. *See* Docket No. 49. In his motions for clarification, plaintiff requests additional explanation regarding the basis for the Court's dismissal. The Court finds that its order [Docket No. 49] and the Recommendation it accepted [Docket No. 31] provide sufficient explanation of the grounds for dismissal. As for

plaintiff's request for twenty one days to "reply to the [a]ctual dismissal" after resolution of his motions for clarification, the Court is not empowered to extend the period for filing a motion pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 6(b)(2).

Moreover, and in any event, plaintiff filed a motion requesting that the Court alter or amend its judgment within the period set by Rule 59(e). A party is justified in bringing such a motion when there has been "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Plaintiff has not identified any change in controlling law or any basis to conclude there has been clear error or manifest injustice. Plaintiff does supply new evidence, in the form of a letter from an assistant district attorney in Louisiana, which he believes provides a basis to alter or amend the judgment. *See* Docket No. 53 at 4. The Court, however, finds that plaintiff has not demonstrated how this letter calls any aspect of the Court's resolution of this matter into doubt.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motions for clarification and extensions of time [Docket Nos. 50, 51] and "Motion to Show Cause" [Docket No. 53], which the Court construes as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), are DENIED.

DATED August 24, 2011.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge